IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMIN SHEHZAD HUSSEIN, | § |
| Petitioner, | § |
| VS. | § CIVIL ACTION NO. H-09-1188 |
| | § Consol. With CIVIL ACTION H-09-1189 |
| RICK THALER, | § |
| Respondent. | § |

**MEMORANDUM AND OPINION**

The petitioner, Amin Shehzad Hussein, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging state felony convictions for aggravated assault and manslaughter. The respondent filed a motion for summary judgment on the ground that the petition was filed too late. (Docket Entry No. 19). Hussein filed a response. (Docket Entry No. 20). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.    Background**

On March 21, 2006, Hussein pleaded guilty to the felony offenses of aggravated assault and manslaughter. (Cause Numbers 1035003-A and 1035094-A). Following a presentence investigation hearing on March 24, 2006, the court sentenced Hussein to fifteen years in prison in each case. Hussein did not appeal the convictions. Hussein filed two applications for state habeas corpus relief challenging each of his convictions on April 18, 2008. The Texas Court of Criminal Appeals denied them without written order, on findings of the trial court, without a hearing, on August 20, 2008.

*Ex parte Hussein,* Application No. 70,229-01 at cover; *Ex parte Hussein,* Application No. 70,229-02 at cover.

On April 21, 2009, this court received Hussein's federal petition.[1] The petition was filed when Hussein tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). The court will presume that Hussein deposited his federal petition in the prison mail on the date he signed it, April 16, 2009. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Hussein contends that his convictions are void for the following reasons:

(1) he did not voluntarily enter his guilty pleas;

(2) counsel gave ineffective assistance;

(3) the evidence to support his convictions was insufficient; and

(4) the prosecutor mishandled crime lab evidence.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 4-5).

The threshold issue is whether this petition was filed too late to permit this court to consider the claims.

**II. Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

---

[1] Hussein filed two federal petitions challenging his convictions in the 337th Judicial District Court of Harris County, Texas. One was docketed in the instant Civil Action Number, and the other was docketed in Civil Action Number 4:09-1189. On June 18, 2009, this court consolidated the petitions. (Docket Entry No. 10).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Hussein's convictions became final when the time expired for filing an appeal in the Texas Court of Appeals. *See* TEX. R. APP. P. 26.2 (formerly TEX. R. APP. P. 41(b)(1)).

The trial court convicted Hussein on May 24, 2006. Hussein's judgments became final when the time expired for filing an appeal in the Texas Court of Appeals, on June 23, 2006. The one-year

limitations period ended on June 23, 2007. Hussein waited until April 16, 2009 before filing his federal petition.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). Hussein's two state habeas applications did not toll the limitations period because Hussein filed them after the limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Hussein does not satisfy any of the statutory exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Hussein from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Hussein's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Hussein's claims relate to the guilty pleas entered on March 21, 2006 and the sentences imposed on May 24, 2006. Hussein has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

The limitations period may be equitably tolled. Equitable tolling is permitted only "in rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). As noted, the respondent moves for summary judgment on the ground that the petition is time-barred. The respondent reserved the right to argue exhaustion and procedural default. (Docket Entry No. 19, p. 4). Hussein does not address the limitations issue and argues, instead, that his claims are not procedurally barred. (Docket Entry No. 20, p. 1).

Hussein does not identify any grounds for equitable tolling and the record does not disclose any basis. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation

of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Hussein's delay in filing his state habeas application mitigates against the application of tolling. *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Hussein may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992) (holding that neither *pro se* status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see also Worthen v. Kaiser,* 952 F.2d 1266, 1268-68 (10th Cir. 1992) (petitioner's failure to discover the legal significance of the operative facts does not constitute cause). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993). Hussein's *pro se* status does not

present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Hussein's federal petition is untimely. Respondent is entitled to judgment as a matter of law.

### III. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 19), is granted. Hussein's consolidated petitions for a writ of habeas corpus are denied. These consolidated cases are dismissed with prejudice. All remaining pending motions are denied as moot.

Under Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). If a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* This record does not meet the standard and this court will not issue a certificate of appealability.

SIGNED on April 26, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge